UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN R. ROSS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>D. LATRAILLE, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-01886-GSA PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION, AND REQUIRING PLAINTIFF TO COMPLY WITH ORDER FILED FEBRUARY 20, 2009, WITHIN THIRTY DAYS<br><br>(Doc. 7) |

**Order Denying Plaintiff's Motion for Reconsideration**

**I.　Background**

Plaintiff Alvin R. Ross, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California tort law on December 9, 2008. On February 20, 2009, the Court issued an order finding that Plaintiff's complaint states a claim under the First Amendment against Defendant Callow for retaliation, but fails to state an Eighth Amendment excessive force claim against Defendant Latraille, a First Amendment retaliation claim against Defendant Latraille, or a negligence claim against Defendant Latraille. The Court dismissed Plaintiff's excessive force claim, with prejudice, and ordered Plaintiff to either file an amended complaint curing the deficiencies in his retaliation and negligence claims or notify the Court of his willingness to proceed only on the claim found to be cognizable. Plaintiff filed a motion seeking reconsideration on March 2, 2009.

///

///

1

## II. Legal Standard

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 78-230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

## III. Discussion

Plaintiff seeks reconsideration of the dismissal of his Eighth Amendment excessive force claim against Defendant Latraille. Plaintiff argues that he does not have to show a serious or significant injury to state a claim, and that the Court erred in dismissing his claim solely due to a *de minimis* injury.

Plaintiff misinterpreted the basis for dismissal. The Court stated, "The altercation between Plaintiff and Latraille in which Latraille hit Plaintiff's left hand does not rise to the level of excessive force in violation of the Eighth Amendment. Although uncalled for, the force at issue was *de minimis* and cannot support a constitutional claim." (Doc. 6, 4:13-15.) While it is true that Plaintiff sustained only a *de minimis* injury in the incident, which would preclude him from seeking damages for mental or emotional injury, 42 U.S.C. § 1997e(a), the Court dismissed the claim because the *force used* was *de minimis*, Hudson v. McMillian, 503 U.S. 1, 9-10, 112 S.Ct. 995 (1992).

///

The Court did not dismiss Plaintiff's excessive force claim based on a *de minimis* injury. Therefore, Plaintiff's argument that the Court erred in doing so is without merit, and his motion for reconsideration is denied.

### IV.   Conclusion and Order

Plaintiff has not demonstrated that the Court erred in dismissing his excessive force claim. Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion reconsideration, filed March 2, 2009, is DENIED; and
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either file an amended complaint curing the deficiencies in his retaliation claim and/or negligence claim against Defendant Latraille, or notify the Court in writing that he is not going to file an amended complaint and is willing to proceed only against Defendant Callow on his retaliation claim.[1]

IT IS SO ORDERED.

Dated:   October 21, 2009              /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] The Court acknowledges that at the conclusion of his motion for reconsideration, Plaintiff conceded he cannot state a retaliation claim against Defendant Latraille, in response to the Court's order of February 20, 2009. However, Plaintiff also attached proof of exhaustion with the Victim Compensation and Government Claims Board, relating to his state law claims against Defendant Latraille. As Plaintiff was informed in the screening order, he must allege compliance with the California Tort Claims Act in his complaint. The separate submission of an exhibit showing compliance is not sufficient. If Plaintiff wishes to pursue state law tort claims, he must file an amended complaint specifically alleging compliance.