# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN R. ROSS, | 1:08-cv-01886-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER |
| v. | (Doc. 26.) |
| D. LATRAILLE, et al., | |
| Defendants. | |

**I.  BACKGROUND**

Alvin R. Ross ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 9, 2008. (Doc. 1.) This action now proceeds on the First Amended Complaint filed by Plaintiff on November 18, 2009, against defendants J. Callow and D. Latraille, on Plaintiff's retaliation and state law claims. (Doc. 9.)

The Court issued a scheduling order on June 3, 2011, and this action is currently in the discovery phase. (Doc. 17.) On September 28, 2011, the Court issued an order granting Defendants' request for leave to conduct Plaintiff's deposition via video conference. (Doc. 25.) On October 7, 2011, Plaintiff filed a motion for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure, prohibiting non-parties from being in the same room as the Plaintiff during Plaintiff's deposition. (Doc. 26.).

## II. PROTECTIVE ORDERS - RULE 26(c)

Pursuant to Rule 26(c), "A party or any other person from whom discovery is sought may move for a protective order in the court where the action is pending . . . [and] [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, . . . designating the persons who may be present while the discovery is conducted." Fed. R. Civ. P. 26(c)(E). Plaintiff opposes non-parties being in the same room as Plaintiff during his deposition by Defendants, which Defendants have been granted leave to conduct by video conference. Plaintiff argues that he is in the General Population area of the prison, and no safety or security issues exist in being in a conference room alone. Plaintiff maintains that there are no penological justifications for the presence of any non-parties.

Plaintiff's argument that there are no safety or security issues in Plaintiff being alone in a conference room, and no penological justification for the presence of any non-parties at his deposition, is unavailing. Plaintiff is a state prisoner currently incarcerated at Corcoran State Prison, and the Court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (*quoting* Bell v. Wolfish, 441 U.S. 520, 547 (1970). Moreover, Plaintiff has not presented any good cause for a protective order to protect him from annoyance, embarrassment, oppression, or undue burden or expense, as required by Rule 26(c). Therefore, Plaintiff's motion shall be denied.

## III. CONCLUSION

Based on the foregoing, Plaintiff's motion for a protective order, filed on October 7, 2011, is DENIED.

IT IS SO ORDERED.

Dated:   **October 17, 2011**              **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

2