# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN R. ROSS, | 1:08-cv-01886-GSA-PC |
|           Plaintiff, | ORDER DENYING REQUEST FOR SUBPOENA, WITHOUT PREJUDICE TO RENEWAL WITHIN THIRTY DAYS (Doc. 22.) |
|     v. | |
| D. LATRAILLE, et al., | THIRTY DAY DEADLINE |
|           Defendants. | |

Alvin R. Ross ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 9, 2008. (Doc. 1.) This action now proceeds on the First Amended Complaint filed by Plaintiff on November 18, 2009, against defendants J. Callow and D. Latraille ("Defendants"), on Plaintiff's retaliation and state law claims. (Doc. 9.)

On August 31, 2011, Plaintiff filed a request seeking the issuance of a subpoena duces tecum commanding non-party Connie Gipson, Warden of Corcoran State Prison, to produce several documents. Plaintiff asserts that he engaged in the discovery process with Defendants, and these documents "apparently cannot be presented to Plaintiff for inspection after being requested." (Motion, Doc. 22 at 1.)

For the reasons set forth below, Plaintiff's present request is denied, without prejudice to renewal of the request within thirty days.

Subject to certain requirements set forth herein, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents from a non-party, and to service of the subpoena by the United States Marshal. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendants through a request for production of

documents. Fed. R. Civ. P. 34. It appears to the Court that all of the documents sought by Plaintiff should be available to Plaintiff through a request for production of documents to Defendants. Fed. R. Civ. P. 34. Plaintiff asserts that he has already engaged the discovery process with Defendants. However, Plaintiff has not demonstrated that he made a request to Defendants for production of these documents, nor has Plaintiff filed a motion to compel Defendants to produce the requested documents. Some of the documents sought by Plaintiff may be kept in Plaintiff's central file at the prison, to which he is entitled to access.

If Plaintiff chooses, he may file another request for the issuance of a subpoena duces tecum within thirty days that (1) identifies with specificity the documents sought and from whom, and (2) makes a showing in the motion that the records are only obtainable through that third party. Also, documents requested must fall within the scope of discovery allowed in this action.[1]

The time for conducting discovery in this action, including motions to compel, expired on February 2, 2012. Therefore, if Plaintiff chooses to file another request for a subpoena pursuant to this order, he should also file a motion to reopen discovery for this limited purpose. Plaintiff should note that although he has been granted leave to file another request for a subpoena, he does not have leave to make other discovery requests, or file a motion to compel, at this juncture.

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's request for the issuance of a subpoena, filed on August 31, 2011, is DENIED, without prejudice to renewal of the request within thirty days from the date of service of this order, as instructed by this order.

IT IS SO ORDERED.

Dated:  **February 23, 2012**              /s/ **Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE

---

[1] Under Rule 26(b) of the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).