# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN R. ROSS, | 1:08-cv-01886-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR ISSUANCE OF SUBPOENAS DUCES TECUM AND MOTION TO REOPEN DISCOVERY |
| v. | |
| D. LATRAILLE, et al., | (Doc. 38.) |
| Defendants. | |

Alvin R. Ross ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 9, 2008. (Doc. 1.) This action now proceeds on the First Amended Complaint filed by Plaintiff on November 18, 2009, against defendant J. Callow, for retaliation in violation of the First Amendment, and defendant D. Latraille, for assault and battery under state law. (Doc. 9.) Now pending is Plaintiff's renewed request for the issuance of subpoenas duces tecum and motion to reopen discovery. (Doc. 38.)

**I.     BACKGROUND**

On June 3, 2011, the Court entered a Discovery/Scheduling Order establishing a deadline of February 3, 2012, for the parties to conduct discovery, including the filing of motions to compel. (Doc. 17.) On August 31, 2011, Plaintiff filed a request seeking the issuance of a subpoena duces tecum commanding non-party Connie Gipson, Warden of Corcoran State Prison, to produce several

documents. (Doc. 22.) In the request, Plaintiff asserted that he had engaged in the discovery process with Defendants, and the documents he sought "apparently cannot be presented to Plaintiff for inspection after being requested." (Id.) On February 24, 2012, the Court denied Plaintiff's request, without prejudice to renewal of the request within thirty days. (Doc. 36.) Plaintiff was advised that the Court would "consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendants through a request for production of documents." (Id. at 1-2.) Plaintiff was also advised that in a renewed request, he must "identif[y] with specificity the documents sought and from whom, ... make[] a showing in the motion that the records are only obtainable through that third party[, and the] documents requested must fall within the scope of discovery allowed in this action." (Id. at 2:8-11.) Because the discovery phase for this action had closed on February 3, 2012, Plaintiff was also advised that if he renewed the request for a subpoena, he should also bring a motion to reopen discovery for this limited purpose.

## II.     REQUEST FOR ISSUANCE OF SUBPOENAS

### A.     Plaintiff's Renewed Request

Plaintiff now requests the issuance of two subpoenas duces tecum to be served on non-parties to this action. First, Plaintiff requests a subpoena compelling the Office of Internal Affairs to produce documents, video footage, and any other information created during the investigation following the alleged assault on Plaintiff by defendant Latraille. Plaintiff asserts that on December 18, 2007, the Office of Internal Affairs conducted interviews of Plaintiff and prison staff members regarding the assault at issue which allegedly occured on November 9, 2007.

Second, Plaintiff requests a subpoena compelling either Matthew Cates (Secretary of the CDCR) or Connie Gipson (Warden of Corcoran State Prison) to produce the contents of defendant D. Latraille's personnel file for Plaintiff's inspection and copying. Plaintiff seeks to discover "prior complaints against Latraille, including, but not limited to 602 grievance appeals, concerning any form of misuse of force, potential violence; battery; or bad acts to, upon, or against a CDC prisoner." (Motion, Doc. 38 at 3.) Plaintiff seeks evidence of defendant Latraille's "anger issues with prisoners and the propensity for potentially more serious acts and/or actions." Id. Plaintiff argues that this evidence is relevant to his assault and battery claim against defendant Latraille.

1    In support of his request, Plaintiff submits a copy of the August 8, 2008 Men's Advisory
2 Council Memorandum, which reports that Sergeant D. Latraille made negative and derogatory
3 statements to inmates and has "previously been investigated by Internal Affairs for striking an inmate
4 with unnecessary misuse of force." (Exh. A. to Motion, Doc. 38 at 6-7.)

5    Plaintiff also brings a motion to reopen discovery for the limited purpose of issuing the
6 subpoenas.

7    **B.    Defendants' Opposition**

8    Defendants argue that Plaintiff has not demonstrated diligence under Rule 16's good cause
9 standard to modify the Court's scheduling order to reopen discovery. Defendants assert that because
10 discovery was opened on June 3, 2011, with a deadline of February 3, 2012 to complete discovery,
11 Plaintiff had 200 days to request production of documents from Defendants and 245 days to file a
12 motion to compel. Defendants also argue that Plaintiff has not complied with the Court's
13 requirements to identify with specificity the documents sought and from whom, and to make a
14 showing that the records are only obtainable through the third party. Defendants also argue that it
15 would be futile to grant Plaintiff's request, because it seeks information which would invade the
16 rights to privacy of the defendants and third parties, and which is prohibited by Federal Rules of
17 Evidence § 404 as requesting character evidence to prove conduct in conformity therewith.
18 Defendants also object to Plaintiff's submission of the Men's Advisory Council Memorandum, as
19 hearsay, irrelevant, and prohibited character evidence.

20    **C.    Plaintiff's Reply**

21    In reply, Plaintiff asserts that on June 21, 2011, he diligently made a request for production
22 of documents on Defendants, but Defendants merely objected on the grounds that the requests were
23 compound, vague, and ambiguous. Plaintiff asserts that "as a sign of 'good faith," and because he
24 believed, due to Defendants' objections, that the information was not available to Defendants, he did
25 not file a motion to compel and instead made a request for a subpoena on August 29, 2011, to obtain
26 the documents from another source. Plaintiff asserts that he promptly responded to the Court's
27 February 23, 2012 order which instructed him to bring a new request for subpoenas which identified
28 with specificity the documents sought, although Plaintiff maintains he is unable to identify the

3

documents by title. Plaintiff contends that none of the documents he requests were available to him through access to his prison central file.

### D. Discussion

Plaintiff has not made the requisite showing that the documents he seeks are only available through third parties and not through a request to Defendants. While Plaintiff asserts that Defendants refused to produce documents in response to his June 21, 2011 request, he has not provided any evidence that the documents were unavailable to Defendants. Plaintiff claims that he believed the information was not available to Defendants, because they objected that his request was compound, vague, and ambiguous. The Court finds no indication from such objections that the documents were unavailable, and Plaintiff's argument that he was showing "good faith" in not filing a motion to compel is unavailing. Plaintiff failed to pursue his request to Defendants by either serving a new request addressing the objections, or by filing a motion to compel. Thus, Plaintiff fails to make a showing that he could not obtain the documents from Defendants. Therefore, Plaintiff's request for the issuance of subpoenas and motion to reopen discovery shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for the issuance of subpoenas and motion to reopen discovery, filed on March 14, 2012, are DENIED.

IT IS SO ORDERED.

**Dated: May 8, 2012**                                       **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE