# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN R. ROSS, | 1:08-cv-01886-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION TO STAY AS MOOT |
| v. | (Doc. 43.) |
| D. LATRAILLE, et al., | ORDER GRANTING EXTENSION OF TIME FOR PLAINTIFF TO FILE RESPONSE TO MOTION FOR SUMMARY JUDGMENT |
| Defendants. | THIRTY DAY DEADLINE |

**I.  BACKGROUND**

Alvin R. Ross ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 9, 2008. (Doc. 1.) This action now proceeds on the First Amended Complaint filed by Plaintiff on November 18, 2009, against defendants J. Callow and D. Latraille ("Defendants"), on Plaintiff's retaliation and state law claims. (Doc. 9.)

On April 27, 2012, Plaintiff filed a motion to stay Defendants' motion for summary judgment under Rule 56. (Doc. 43.) Plaintiff's motion for stay is now pending before the Court.

///

///

///

1

**II.   RULE 56 - MOTION FOR SUMMARY JUDGMENT**

Rule 56(d) of the Federal Rules of Civil Procedure provides:

"If a nonmovant [for summary judgment] shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
    (1) defer considering the motion or deny it;
    (2) allow time to obtain affidavits or declarations or to take discovery; or
    (3) issue any other appropriate order."

Fed. R. Civ. P. 56(d).

Plaintiff argues that Defendants' motion for summary judgment should be stayed pending the resolution of Plaintiff's renewed request for issuance of subpoenas and motion to reopen discovery, filed on March 14, 2012. Plaintiff argues that he should be permitted time to obtain the critical information requested in the subpoenas he seeks to issue, before Defendants are allowed to proceed on their motion for summary judgment. In the alternative, Plaintiff requests an extension of time to file a response to the motion for summary judgment.

In opposition, Defendants argue that Plaintiff fails to explain which significant documents he desires or what necessary critical information he needs to obtain. Defendants argue that Plaintiff has not identified any particular facts that further discovery would reveal, nor has he explained or argued how any particular discovery would preclude summary judgment.

Plaintiff's motion to stay shall be denied as moot, because on May 9, 2012, the Court denied Plaintiff's renewed request for issuance of subpoenas and motion to reopen discovery. (Doc. 45.) Discovery is now closed in this action, and Defendants' motion for summary judgment shall be allowed to proceed. However, Plaintiff shall be granted an extension of time in which to file a response to the motion for summary judgment.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff motion to stay Defendants' motion for summary judgment is DENIED as moot;

2. Discovery in this action is CLOSED;

3. Plaintiff's motion for an extension of time is GRANTED; and

4. Within thirty days from the date of service of this order, Plaintiff shall file a response to Defendants' motion for summary judgment of April 12, 2012.

IT IS SO ORDERED.

Dated: **May 9, 2012**                            /s/ **Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE