# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN R. ROSS, | 1:08-cv-01886-GSA-PC |
| Plaintiff, | |
| vs. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AS MOOT (Doc. 28.) |
| D. LATRAILLE, et al., | |
| Defendants. | |

_____/

## I.    BACKGROUND

Alvin R. Ross ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on December 9, 2008.  (Doc. 1.) This action now proceeds on the First Amended Complaint filed by Plaintiff on November 18, 2009, against defendants J. Callow and D. Latraille ("Defendants"), on Plaintiff's retaliation and state law claims.  (Doc. 9.)

On October 7, 2011, Plaintiff filed a motion for a protective order, requesting a court order prohibiting any non-parties from attending his deposition.  (Doc. 26.)  On October 18, 2011, the Court entered an order denying Plaintiff's motion.  (Doc. 27.)  On October 27, 2011, Plaintiff filed a motion for reconsideration of the Court's order.  (Doc. 28.)  Plaintiff's motion for reconsideration is now before the Court.

///

## II.     MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  <u>Id.</u> (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff argues that the Court should prohibit non-parties from attending his deposition because Defendants have the ability to influence other staff employees and agents to annoy, embarrass, oppose, or cause undue burden to Plaintiff while he is being deposed.  Plaintiff argues that for this reason, the Court should not defer to prison officials' judgment in deciding whether non-parties should be allowed to attend.  Plaintiff also argues that the Court should reconsider its order in light of the fact that Plaintiff's claims in this action concern allegations of assault and battery by a Correctional Supervising Prison Employee.

The discovery phase in this action has concluded, and the time for Defendants to take Plaintiff's deposition has expired.  Therefore, Plaintiff's motion for reconsideration is now moot and shall be denied as such.

///

///

1    **III.**      **CONCLUSION**

2         Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for

3 reconsideration, filed on October 27, 2011, is DENIED as moot.

4

5      IT IS SO ORDERED.

6     **Dated:**    **May 9, 2012**               **/s/ Gary S. Austin**

7                                          UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28