# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN R. ROSS, | 1:08-cv-01886-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION |
| vs. | (Doc. 33.) |
| D. LATRAILLE, et al., | |
| Defendants. | |

**I.   BACKGROUND**

Alvin R. Ross ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 9, 2008. (Doc. 1.) This action now proceeds on the First Amended Complaint filed by Plaintiff on November 18, 2009, against defendants J. Callow and D. Latraille ("Defendants"), on Plaintiff's retaliation and state law claims. (Doc. 9.) The parties to this action have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c), and therefore the undersigned shall conduct all further proceedings in this action, including trial and final judgment. (Docs. 5, 21.)

On February 8, 2012, Plaintiff filed a motion for preliminary injunction. (Doc. 33.) On February 22, 2012, Defendants filed an opposition. (Doc. 35.) Plaintiff's motion is now before the Court.

II.   **PRELIMINARY INJUNCTION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff has requested a court order prohibiting his transfer from Corcoran State Prison ("CSP-Corcoran") to another institution. According to Plaintiff's address of record, Plaintiff is now housed at California State Prison-Los Angeles ("CSP-Lancaster") in Lancaster, California.[1] Because Plaintiff is no longer incarcerated at CSP-Corcoran, his motion for a court order prohibiting his transfer from CSP-Corcoran is moot.

Further, the order requested by Plaintiff would not remedy any of the claims upon which this action proceeds. This action is proceeding against Defendants based on events occurring in 2007 and 2008. Plaintiff now requests a court order protecting him from present and future actions.

---

[1] On April 6, 2012, Plaintiff filed a Notice of Change of Address, changing his address from CSP-Corcoran to CSP-Lancaster. (Doc. 40.)

2

Because such an order would not remedy any of the claims upon which this action proceeds, the Court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for preliminary injunction, filed February 8, 2012, IS DENIED.

IT IS SO ORDERED.

**Dated:   May 11, 2012**              /s/ **Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE