# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN R. ROSS, | 1:08-cv-01886-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION RE DEFENDANTS' VIOLATION OF RULE 30 |
| vs. | (Doc. 32.) |
| D. LATRAILLE, et al., | |
| Defendants. | |

I.      **BACKGROUND**

Alvin R. Ross ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on December 9, 2008.  (Doc. 1.) This action now proceeds on the First Amended Complaint filed by Plaintiff on November 18, 2009, against defendants J. Callow and D. Latraille ("Defendants"), on Plaintiff's retaliation and state law claims.  (Doc. 9.)  The parties to this action have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636©, and therefore the undersigned shall conduct all further proceedings in this action, including trial and final judgment.  (Docs. 5, 21.)

On January 26, 2012, Plaintiff filed a motion titled "Motion Defendant's Violation of Fed. R. Civ. P. Rule 30," in which he requests that his deposition transcript be excluded from evidence, on the ground that Defendants violated Rule 30 of the Federal Rules of Civil Procedure.  (Doc. 32.)

1

On February 14, 2012, Defendants filed an opposition to the motion. (Doc. 34.) Plaintiff did not file a reply. Plaintiff's motion is now before the Court.

## II.     LEGAL STANDARDS - DEPOSITIONS BY ORAL EXAMINATION

### A.     Notice of Deposition

A party wishing to depose any person, including a party, by oral questions must give reasonable written notice to every other party, and "[t]he notice must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). Pursuant to the Court's Discovery/Scheduling Order in this action, issued on June 3, 2011, Defendants may depose "plaintiff and any other witness confined in a prison upon condition that the notice of deposition is served upon the parties at least fourteen (14) days before such a deposition." (Doc. 17 ¶4.)

### B.     Objections to Deposition at Time of Examination; Motion to Terminate or Limit

"An objection at the time of the [deposition] examination -- whether to evidence, to a party's conduct, to the officers qualifications, to the manner of taking the deposition, or to any other aspect of the deposition -- must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Id. Under Rule 30(d)(3), "[a]t any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party[, and i]f the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order." Fed. R. Civ. P. 30(d)(3)(A).

## III.     MOTION TO EXCLUDE DEPOSITION TRANSCRIPT

### A.     Plaintiff's Motion

Plaintiff argues that the transcript of his deposition, taken by Defendants on January 13, 2012, should be excluded from evidence, because he was not given proper notice of the deposition under Rule 30, and he was not notified beforehand that Craig S. Tomlins was representing Defendants and would be conducting the deposition. Plaintiff asserts that he did not receive any

notice before the deposition that he was being deposed on January 13, 2012, and that he first received notice at approximately 5:00 p.m. on January 13, 2012, after the deposition was over. (Exhibit A to Motion, Doc. 32 at 4.)  Plaintiff also asserts that he was surprised when the deposition was conducted in person, because on September 28, 2011, the Court had granted Defendants' motion for leave to conduct the deposition by video conference.  (Doc. 25.)  Plaintiff asserts that he was never informed before the deposition that Craig A. Tomlins was part of the Williams & Associates firm representing Defendants and would be conducting the deposition.  Plaintiff asserts that he received a "Notice of Removal of Attorney" on or about January 5, 2012, but no attorney was named as the new joining counsel. (Doc. 31.) Plaintiff claims that he was prejudiced by Defendants' failure to give him proper notice of the deposition, causing "a large part of the deposition responses [to be] speculative." (Motion, Doc. 32 at 3.)

### B. <u>Defendants' Opposition</u>

Defendants argue that Plaintiff received proper notice of the deposition under Rule 30(b)(1), that Plaintiff could have suspended the deposition or filed a motion for a protective order but did not, and that Plaintiff went forward with his deposition, making Plaintiff's motion moot.

Defendants provide evidence that on December 27, 2011, they served Plaintiff with a Notice of Taking Deposition of Plaintiff.   (Declaration of Craig Tomlins, Doc. 34-1 at ¶4 and Exhibit "B" attached to his Declaration.)  Pursuant to Rule 30(b)(1), the notice stated the date, time, location, and deponent's name.  (Id.)  In compliance with the Court's scheduling order, the notice was served seventeen (17) days before the deposition.  (Id.)

Defendants argue that Plaintiff was sufficiently notified that Craig Tomlins was representing Defendants and would be taking his deposition.  Defendants argue that there is no provision in Rule 30 that the attorney taking the deposition must be listed on the deposition notice, and they satisfied the rule by indicating on the notice that defendants Callow and Latraille, represented by Williams & Associates, would be deposing Plaintiff.  Defendants provide evidence that on September 20, 2011, defense counsel sent Plaintiff a meet and confer letter, and on October 11, 2011, Plaintiff sent a letter to defense counsel informing her he was in receipt of her September 20, 2011 correspondence. (Declaration of Craig Tomlins, Doc. 34-1 at ¶3 and Exhibit "A" attached to his

Declaration.)  On the letterhead of the stationary for defense counsel's letter was a list of attorneys working for Williams & Associates, including Craig A. Tomlins.  (Id.)  On January 5, 2012, Plaintiff was served with a Notice of Removal of Attorney which simply requested that the Court remove Christina Carroll, formerly of Williams & Associates, from its service list.  (Id. ¶5 and Exhibit "D".) Defendants also provide evidence that defense counsel Craig Tomlins introduced himself by name and law firm to Plaintiff at the beginning of the deposition, and identified himself as counsel for Defendants, after which Plaintiff asked for his name again.  (Id. Exhibit "D".)

Defendants argue that it is irrelevant that the Court allowed Defendants to take Plaintiff's deposition by video conference, because nothing in the Court's order required them to take a video deposition or required CSP-Corcoran to obtain videoconferencing equipment if it did not have any. Defendants assert that they appeared in person on January 13, 2012 at the noticed location and took Plaintiff's deposition because CSP-Corcoran does not currently have videoconferencing equipment. (Declaration of Craig Tomlins, Doc. 34-1 at  ¶6 and Exhibit "D" attached to his Declaration.) Defendants argue that Plaintiff was not prejudiced in any way because his deposition was taken in person.

Defendants argue that despite Plaintiff's concerns about not receiving proper notice, he chose to go forward with the deposition, making his motion moot.  Defendants provide excerpts from Plaintiff's deposition, in which he agreed "I'll go -- I'll go along with [the deposition]" despite stating, "I'm at a disadvantage because I didn't get no notice about you coming," and "I never received this [deposition notice sent on December 27, 2011]."  (Exhibit "D" attached to Declaration of Craig Tomlins, Doc. 34-2 at 24:6-24.)  Also, Defendants note that while Plaintiff might feel he was unprepared for his deposition, the fact is Plaintiff filed his own lawsuit and has knowledge of the facts of his own case.

**C.**   **Discussion**

Defendants have provided evidence that they properly notified Plaintiff of the deposition. Defendants served notice of the June 13, 2012 deposition upon Plaintiff by mail on December 27, 2011. (Declaration of Craig Tomlins, Doc. 34-1 at ¶4 and Exhibit "B" attached to his Declaration.) In compliance with Rule 30 and the Court's Discovery/Scheduling Order, the notice was served

4

seventeen days before the deposition and stated the date, time, location, and deponent's name. (Id.) There is no requirement under court rules that the notice state the name of the attorney who will take the deposition. Therefore, Defendants' notice constitutes proper notice to Plaintiff of the deposition in compliance with Rule 30 and the Court's scheduling order.

Plaintiff's argument that Defendants should have conducted the deposition by video conference is without merit. There was no requirement for Defendants to conduct the deposition by video conference pursuant to the Court's order of September 28, 2011. (Doc. 25.) The Court's order granted Defendants leave to proceed with a deposition by video conference, but did not require it. (Id.)

Plaintiff argues that he was prejudiced because he did not receive Defendants' notice of the deposition until after the deposition, and because he was not informed beforehand that Craig Tomlins was one of the attorneys representing Defendants and would be conducting the deposition. Plaintiff asserts that he was surprised to be called to the deposition on June 13, 2011, was "totally unprepared (without notes, relevant documents, etc.)" to give testimony, and therefore gave "speculative" responses. (Motion, Doc. 32 at 2, 3.) The Court finds that defense counsel Craig Tomlins sufficiently identified and introduced himself to Plaintiff at the start of the deposition. (Exhibit "D" attached to Declaration of Craig Tomlins, Doc. 34-2 at 18:18-25.) While the deposition transcript shows that Plaintiff told defense counsel "I'm at a disadvantage because I didn't get no notice about you coming" and "I never received this [the deposition notice sent on December 27, 2011]," the transcript also shows that defense counsel asked Plaintiff if his concerns were "going to impact [his] deposition testimony," to which Plaintiff responded, "No, I'll go – I'll go along with it, but I'm just letting you know for the record that I didn't receive that." (Id. at 24:6-24.) While evidence shows that Plaintiff told defense counsel he "didn't know" if the lack of notice would cause a problem with the deposition, there is no evidence that Plaintiff made further objections during the deposition or moved to terminate or limit the deposition on any grounds. (Id. at 24:25-25:2.) The deposition process was thoroughly explained to Plaintiff by defense counsel before he was questioned, and Plaintiff acknowledged that he had been deposed before and was aware of the process. (Id. at 19-22.) Plaintiff has not explained which of his responses were "speculative" or how he will be prejudiced

1  if those responses are not excluded from evidence.  Based on this record, the Court finds that

2  Plaintiff was well informed of the deposition process and voluntarily proceeded with the deposition.

3  Plaintiff has not presented evidence demonstrating that he was prejudiced by lack of notice or by any

4  part of the deposition process.

5        Under these facts, the Court finds no evidence that Defendants violated Rule 30 or failed to

6  properly notify Plaintiff of his deposition held on June 13, 2011, that Plaintiff was prejudiced by lack

7  of notice or by any part of the deposition process, or that other good cause exists to exclude the

8  transcript of Plaintiff's deposition from evidence.  Therefore, Plaintiff's motion shall be denied.

9  **III.    CONCLUSION**

10       Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion concerning

11 Defendants' violation of Rule 30, filed on January 26, 2012, is DENIED.

12

13       IT IS SO ORDERED.

14    **Dated:    May 11, 2012            /s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28