# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN ROSS, | 1:08-cv-01886-GSA-PC |
| Plaintiff, | ORDER STRIKING SURREPLY (Doc. 57.) |
| v. | ORDER PERMITTING PLAINTIFF OPPORTUNITY TO WITHDRAW OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND FILE AMENDED OPPOSITION IN LIGHT OF SEPARATELY-ISSUED SUMMARY JUDGMENT NOTICE |
| D. LATRAILLE, et al., | |
| Defendants. | |
| | THIRTY-DAY DEADLINE |

**I.   RELEVANT PROCEDURAL HISTORY**

Alvin Ross ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on December 9, 2008. (Doc. 1.)  This action now proceeds on the First Amended Complaint filed by Plaintiff on November 18, 2009, against defendants J. Callow and D. Latraille ("Defendants"), on Plaintiff's retaliation and state law claims.  (Doc. 9.)  The parties to this action have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) for all further proceedings, including trial and entry of final judgment.  (Docs. 5, 21.)

On April 12, 2012, Defendants filed a motion for summary judgment.  (Doc. 41.)  On June 11, 2012, Plaintiff filed an opposition to the motion, and on June 12, 2012, Defendants filed a reply. (Docs. 51-55.)  On June 22, 2012, Plaintiff filed a surreply.  (Doc. 57.)

## II. PLAINTIFF'S SURREPLY

Plaintiff filed a surreply on June 22, 2012 titled "Plaintiff's Response to Defendant's Objections in Reply to Plaintiff's Opposition to Motion For Summary Judgment." (Doc. 57.) The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply, and the Court neither requested one nor granted a request on the behalf of Plaintiff to file one. Accordingly, Plaintiff's surreply shall be stricken from the record as an unauthorized pleading.

## III. OPPORTUNITY FOR PLAINTIFF TO WITHDRAW OPPOSITION AND FILE AMENDED OPPOSITION, IF HE SO WISHES

In light of the recent decision in Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012), Plaintiff must be provided with "fair notice" of the requirements for opposing a motion for summary judgment at the time the motion is brought, and the notice given in this case in April 2011 does not suffice. On July 10, 2012, the Court provided the requisite notice by re-serving a copy of the Second Informational Order, which includes a summary judgment notice, upon Plaintiff. (Doc. 58.) By separate order entitled "Amended Second Informational Order - Notice and Warning of Requirements for Opposing Defendants' Motion for Summary Judgment," issued concurrently with this order, the Court has again provided the requisite notice. At this juncture, Plaintiff shall be allowed the opportunity to file an amended opposition, if he so wishes. The Court will not consider multiple oppositions, however, and Plaintiff has two options upon receipt of the notice and this order. Plaintiff may either (1) stand on his previously-filed opposition filed on June 11, 2012, or (2) withdraw it and file an amended opposition.

## IV. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's surreply filed on June 22, 2012 is STRICKEN from the record as an unauthorized pleading;

2. Plaintiff may, within **thirty (30) days** from the date of service of this order, withdraw his opposition to Defendants' motion for summary judgment and file an amended opposition;

3. If Plaintiff does not file an amended opposition in response to this order, his existing opposition, filed on June 11, 2012, will be considered in resolving Defendants' motion for summary judgment; and

4. If Plaintiff elects to file an amended opposition, Defendants may file a reply pursuant to Local Rule 230(l).

IT IS SO ORDERED.

**Dated:   August 29, 2012**             /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE